IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **AGREE LIMITED PARTNERSHIP**<br>                    **Plaintiff,** | § <br> § <br> § <br> § <br> § <br> § | |
| **v.** | § <br> § | |
| **NORTHWEST TIDWELL, LTD. AND**<br>**PYRAMID ATX CONSTRUCTION,**<br>**LLC,**<br>        **Defendant/Third-Party Plaintiff,** | § <br> § <br> § <br> § <br> § | **CASE NO. 6:24-CV-00211-ADA-DNM** |
| **v.** | § <br> § <br> § | |
| **MONTICELLO MASONRY**<br>**ENTERPRISES, LLC, SURE SEAL,**<br>**LLC, FRANZ ARCHITECTS, INC.,**<br>        **Third-Party Defendants.** | § <br> § <br> § <br> § <br> § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE,**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636,

FED. R. CIV. P. 72, and Appendix C of the Local Rules of the United States District Court for the

Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate

Judges. Before the Court are Northwest Tidwell's Motion for Summary Judgment and Agree's

Motion for Partial Summary Judgment on its Claim for Declaratory Judgment. Dkt. No. 85, Dkt.

No. 86. For the reasons that follow, the Court **RECOMMENDS** that the motions be **DENIED**.

**BACKGROUND**

Northwest Tidwell, Ltd. ("Northwest Tidwell") developed a shopping center in Killeen,

Texas and, on March 4, 2020, entered into a lease agreement (the "Lease") with Excel Fitness

13, LLC d/b/a Planet Fitness ("Excel"). Dkt. No. 141 at 5. The Lease governs the landlord-tenant

relationship and defines the parties' obligations for construction and occupancy of the leased

premises. *Id*. at 1, 6.

Under the Lease, Northwest Tidwell was required, at its sole cost, to construct the building (the "Landlord's Work") in accordance with plans and specifications dated May 19, 2021 (the "Plans"). *Id*. The Landlord's Work included all aspects of development, design, permitting, and construction in compliance with applicable laws and relevant standards. *Id*. at 6-7. Northwest Tidwell was also obligated to correct defective or noncompliant work. *Id.* Pyramid ATX Construction, LLC ("Pyramid") served as Northwest Tidwell's general contractor and was responsible to Northwest Tidwell for performing the Landlord's Work. *Id*. After substantially completing construction in late 2021, Northwest Tidwell delivered the premises to Excel, which then completed its tenant improvements. *Id*.

In July 2022, Northwest Tidwell sold the property to Agree Limited Partnership ("Agree") pursuant to a Purchase and Sale Agreement (the "Purchase Agreement"). *Id*. Agree acquired the property "as is, where is, and with all faults," assumed the risk of undiscovered defects, and released Northwest Tidwell from certain claims relating to the property's condition. Dkt. No. 85 at 4. The Purchase Agreement includes an indemnity provision requiring Northwest Tidwell to defend and reimburse Agree for losses from claims arising before closing. Dkt. No. 141 at 8. Agree also acquired Northwest Tidwell's warranty, guarantee, and indemnification rights against third parties, including contractors like Pyramid. *Id*. at 8, 9.

Contemporaneously with the sale, Northwest Tidwell and Agree executed an assignment of the Lease (the "Assignment"), which transferred Northwest Tidwell's rights and obligations under the Lease to Agree. Dkt. No. 85 at 4-5. Under the Assignment, Northwest Tidwell agreed to indemnify Agree for liabilities arising under the Lease prior to closing, excluding warranties related to the Landlord's Work. Dkt. No. 86, Ex. 5 at 2.

In 2023, Excel reported significant water intrusion and mold within the premises. Dkt. No. 141 at 9. Agree's experts concluded that multiple waterproofing components—including flashing, weep holes, vapor barriers, and cementitious coatings—had been improperly installed or omitted, resulting in moisture intrusion, interior damage, business interruption, and the need for substantial remediation and repairs. *Id*.; Dkt. No. 86, Ex. 7 at 36-37. Agree undertook repairs to the premises, including repairs of damage to Excel's property and improvements. Dkt. No. 141 at 10-11. Excel demanded reimbursement from Agree for its expenses related to the water damage. *Id.*

Agree claims that Northwest Tidwell failed to properly complete the Landlord's Work, thereby breaching the Lease and giving rise to Excel's claims against Agree in light of the Assignment. *Id*. at 13. Agree contends that Northwest Tidwell failed to indemnify Agree for the liabilities and damages caused by Northwest Tidwell's pre-closing breach of the Lease, thereby breaching the indemnity provisions in the Purchase Agreement and the Assignment, giving rise to a breach of contract claim. *Id*. at 14.

Northwest Tidwell argues that its liability is limited by the Purchase Agreement's "as is" provisions and release language. Dkt. No. 85 at 7. Northwest Tidwell also contends that Agree assumed construction-related duties and warranties via the Assignment while also assuming all risks of physical or construction defects and releasing Northwest Tidwell from all claims related to the condition of the property via the Purchase Agreement, and that these assigned rights limit or preclude Agree's ability to sue Northwest Tidwell. *Id*. at 1, 7. Northwest Tidwell essentially argues that Agree can only exercise the rights assigned to it by Northwest Tidwell in the Purchase Agreement and that Agree must pursue any construction related defect claims only against Pyramid. Dkt. No. 85 at 9. Despite the various indemnity provisions in the agreements

between Northwest Tidwell and Agree, Northwest Tidwell contends that the "as-is" language controls and defeats Agree's indemnity claims. *Id*.

The parties retained experts to determine the cause and extent of the water related damages and to review the conclusions made by each other. *Id*., Ex. 5 at 7. The competing retained experts dispute several key issues, including whether roof leaks caused the interior damage, whether the root cause was construction defects (including missing base wall flashing and weep holes, improperly applied cementitious waterproofing, and the absence of vapor barriers between steel studs and gypsum board), or whether the vinyl wall covering installed during Excel's tenant build-out caused or contributed to the mold growth. *Id*. at 9-19. Consequently, the summary judgment record includes evidence that supports competing causes of damage, which in turn implicate conflicting timing on when the physical damage occurred, who was responsible for the work that caused the physical damage, and whether design defects contributed to the physical damage. The resolution of these conflicts would determine what provisions of what agreement applies and the related rights and duties of the parties.

## I.    Northwest Tidwell's Motion for Summary Judgment

Northwest Tidwell seeks summary judgment on Agree's claims. Dkt. No. 85. Northwest Tidwell argues that the record establishes that it neither caused nor controlled the construction conditions giving rise to this lawsuit, and that Pyramid—not Northwest Tidwell—was solely responsible for performing and supervising the work, including managing subcontractors and verifying compliance with the plans. *Id*. at 5. Northwest Tidwell further contends that Agree's claims are barred by Section 3 of the Assignment, which excludes enforcement of warranties relating to Landlord's Work from Northwest Tidwell's post-closing responsibilities. *Id*. at 4-5. Moreover, Northwest Tidwell argues that the Purchase Agreement bars Agree's claims because

of an as-is clause. *Id*. at 7.

**II.      Agree's Motion for Partial Summary Judgment**

Agree seeks summary judgment on its affirmative claims, arguing that Excel's claims against it fall within Northwest Tidwell's indemnity duties under Purchase Agreement and the Assignment. Dkt. No. 86. It asserts that "[t]he evidence of Northwest [Tidwell]'s failures is detailed and overwhelming, and the facts are fundamentally beyond genuine dispute." *Id*. at 2. Agree argues that the evidence establishes as a matter of law that Northwest Tidwell breached the Lease with Excel by failing to complete the construction as required under the Lease. *Id*. Agree asserts that because Pyramid did not correct the defective work, Northwest Tidwell failed to comply with its obligations to properly complete the Landlord's Work. *Id*. at 9, 13-14. Further, Agree contends that Northwest Tidwell must indemnify Agree for liabilities caused by Northwest Tidwell's breach to Excel under the plain meaning of the Assignment's indemnity provision and the pre-closing indemnity obligations in the Purchase Agreement. *Id*. at 18.

**<u>APPLICABLE LEGAL STANDARD</u>**

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993). A fact is material "only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). To be entitled to summary judgment on its own cause of action, a plaintiff must show

there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Agree seeks summary judgment on its request for declaratory relief. The Declaratory Judgment Act provides that that "[i]n a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. However, "[a] court need not provide declaratory judgment relief on request." *ODECO Oil & Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993). The Supreme Court has repeatedly characterized the Declaratory Judgment Act as an "enabling" one, "which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 278 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Consequently, the Act gives federal courts the competence to declare rights, but it does not impose a duty to do so. *See Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam).

Although "the district court's discretion is broad, it is not unfettered." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). The court cannot dismiss a declaratory judgment action "on the basis of whim or personal disinclination." *Id.* (quoting *Rowan Cos. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989)). Declaratory relief may be denied if it "seek[s] resolution of matters that will already be resolved as part of the claims in the lawsuit." *Hunt Constr. Grp., Inc. v. Cobb Mech. Contractors, Inc.*,

No. A-17-CV-215-LY, 2017 WL 9285507, at *3 (W.D. Tex. June 2, 2017) (quoting *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, No. 4:12-CV-1759, 2012 WL 6569774, at *2 (S.D. Tex. Dec. 17, 2012)).

## **ANALYSIS**

Northwest Tidwell moves for Summary Judgment and Agree moves for Partial Summary Judgment as to its declaratory judgment claim. There are questions of disputed material facts that make summary judgment improper. These principally relate to who is the responsible party for the physical damage caused by the defective work and when the various claims arose.

### I.    **Northwest Tidwell's Motion for Summary Judgment**

Northwest Tidwell argues that its Motion for Summary Judgment should be granted, contending that the warranty assignment provision in the Assignment and the as-is language in the Purchase Agreement relieve it of its liability for the defects because the warranties were fully transferred to Agree. Northwest Tidwell, however, errs in asserting that the warranty provision applies in this case. The breach of contract claim Agree asserts against Northwest Tidwell is not a warranty claim, but rather an indemnity claim arising out of Excel's claims against Agree for damages caused by the improper completion of the Landlord's Work. While it may be that Agree can assert warranty claims against Pyramid in light of Northwest Tidwell's assignment of its warranty rights to Agree, Agree claims it incurred costs responding to damages Excel asserted, Northwest Tidwell has not reimbursed Agree for these costs, and the indemnity clauses require Northwest Tidwell to reimburse Agree for the costs. That may be in addition to or in lieu of the warranty claims Agree may be able to assert against other parties, but the potential indemnity claim is separate and distinct from any warranty claim. The fact that the warranties may have been transferred to Agree does not absolve Northwest Tidwell of its indemnity obligations.

Generally, an indemnity provision is defined as "[a] collateral contract or assurance, by which one person engages to secure another against an anticipated loss or to prevent him from being indemnified by the legal consequences of an act or forbearance on the part of one of the parties or of some third person." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). Put another way, an indemnity provision is "a promise to safeguard or hold the indemnitee harmless against either existing and/or future loss liability." *Id.* (citing *Russell v. Lemons*, 205 S.W.2d 629, 631 (Tex. Civ. App.—Amarillo 1947, writ ref'd n.r.e.)); *accord Audubon Indem. Co. v. Custom Site-Prep, Inc.*, 358 S.W.3d 309, 319 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). An indemnity provision does not apply to claims between the contracting parties, "but obligates the indemnitor to protect the indemnitee against claims brought by third parties." *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 63 (Tex. App.—San Antonio 2005, pet. denied) (citing *Derr Constr. Co. v. City of Houston*, 846 S.W.2d 854, 858 (Tex. App.—Houston [14th Dist.] 1992, no writ)). If such a claim arises, then the indemnity agreement "creates a potential cause of action in the indemnitee against the indemnitor." *Dresser Indus., Inc.*, 853 S.W.2d at 508. An indemnity provision may impose on the indemnitor a "duty to defend," a "duty to indemnify," or both. *See Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 594 (5th Cir. 2011); *D.R. Horton—Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009).

Northwest Tidwell has a duty to indemnify Agree for claims made against Agree arising from third party claims under the indemnity provisions in the Purchase Agreement and the Assignment. Agree asserts its claims under these indemnity provisions. Because Agree does not invoke a warranty claim or some other defect claim against Northwest Tidwell, the "as-is" provision is not applicable to Agree's indemnity claim. The fact that there may be overlaps in the

various claims may limit the ability of Agree to recover certain damages from certain parties (i.e. Agree is only entitled to one recovery), but the fact that Agree can assert Northwest Tidwell's assigned claims does not prevent Agree from also asserting its indemnity claims.

## II.    Agree's Partial Motion for Summary Judgment as to Declaratory Judgment

Agree seeks a declaration that Excel's claims against Agree are claims within the scope of the indemnification provisions of the Purchase Agreement and Assignment. The Court declines to exercise its discretion to do so. There remain genuine disputes as to material facts that would preclude the Court deciding on the application of the indemnity clauses at this point. While it is true that the interpretation of a contract is a question of law, the parties continue to dispute causation in this case, including conflicting expert reports that implicate different parties' conduct and thus whether particular damage falls within the applicable indemnity provisions. These reports bring into question whether Excel contributed to or caused the physical damage itself, the timing of the damage, and the cause of the damage and thus the implication and application of the indemnity provisions. As a result, the Court declines to determine whether a declaratory judgment asserting that Excel's claims against Agree falls within the indemnity provision.

## CONCLUSION

The evidentially supported factual disagreements on material facts regarding causation and extent of physical damage create fact issues that should be determined by a jury. It is not clear what the cause of the physical damage is and who all the parties are who may have done something to contribute to the physical damage. These two issues impact the timing of when the damage occurred and who is the legally responsible party. These in turn implicate the application of the various indemnity provisions and the "as-is" provision of the Purchase Agreement.

Accordingly, the Court **RECOMMENDS** that the District Judge **DENY** Northwest Tidwell and Agree's motions for summary judgment.

**OBJECTIONS**

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 9th day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE